HEIRS OF RIVERA, PETITIONERS AND APPELLEES, *v.* GONZÁLEZ, DEFENDANT AND APPELLANT.

APPEAL from the District Court of Guayama in Injunction Preceedings.

No. 3346.—Decided February 20, 1925.

INJUNCTION.—The owner of a property may resort to an ordinary injunction to prevent the construction of a house on his land without his permission.

ID.—OCULAR INSPECTION.—In order that the Supreme Court may decide whether or not the failure to put in writing the result of an ocular inspection is erroneous it is necessary that the appellant should have raised the objection in time in the court below.

ID.—TITLE—POSSESSION.—An injunction is not a proceeding to try title, but to be successful the defendant must show bona fide possession that is not a recent invasion of the possession of the plaintiffs.

The facts are stated in the opinion.

*Mr. J. J. Aponte* for the appellant.

*Mr. M. A. Martínez* for the appellee.

MR. JUSTICE WOLF delivered the opinion of the court.

The defendant, it was alleged, was constructing a house on the land of the complainant and the latter successfully intervened to prevent the construction. The appellant maintains that an ordinary injunction in equity did not lie, but that the remedy, if any the complainant succession had, was by way of special injunction to recover the possession given by Act No. 43 of 1913 as amended by Act No. 11 of 1917.

The theory is that such act gives the legal remedy and that therefore an equitable remedy does not lie. Either suit, not sounding in damages, we apprehend, is what would be known as an equitable remedy, and the complainant succession might have elected to follow the one or the other. We agree with the appellees, however, that the adequate remedy was the ordinary injunction, as in no other way could the complainants have prevented the continuation of the construction. An injunction was the remedy, as pointed out by this court in *Rabell* v. *Rodríguez,* 24 P.R.R. 526. There also we held that a complainant who waits until a building is finished is remediless by ordinary injunction. The first assignment of error was not well taken.

The second assignment is as follows:

"The Court erred in making the ocular inspection solicited by the plaintiffs without submitting a report of the results of such inspection and giving the parties an opportunity to make any explanations or suggestions they might deem necessary."

The transcript shows that the defendant was present and that his attorney was also given an opportunity and did not avail himself thereof. Neither the statement of the case nor the record shows what was the result of the ocular inspection, but it does not appear that the appellant made any complaint on this in the court below and did not attempt to obtain such an act of inspection. All that he did, as indicated above, was to attack the inspection because his attorney was not present and had no opportunity to make suggestions or otherwise.

The third assignment of error hardly merits consideration. It attacks the action of the court in applying certain jurisprudence of this court. Not only is there no greater specification, but assignments should more properly be directed to the action of the court and not to its mere reasoning.

The complainants presented evidence tending to show

title and consequent possession as of a period prior to the commencement of the building by the defendant. The latter, according to the court, was living on complainant's land and began to build alongside, still on the land of complainants. Defendant claimed title to the land, but the court found that he was only in physical possession of a little house and had no right to possess himself of additional property without suit. *Ortiz* v. *Silva,* 28 P.R.R. 357–387; *Serrano* v. *Santos,* 24 P.R.R. 163. In other words, there was a conflict in the evidence, decided by the court that we, find no reason to disturb. Of course, as may be inferred from the foregoing cases and others, an injunction is not a proceeding to try title, but defendant to be successful must show a bona fide possession which is not a recent invasion of complainants' possession. There was evidence tending to show that defendant was on the land by permission or tolerance of complainants and hence that his possession was the possession of plaintiffs.

The judgment must be

*Affirmed.*

Chief Justice Del Toro and Justices Aldrey, Hutchison and Franco Soto concurred.